UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

IN RE:

| WILLIAM WARREN MUCKLOW | Chapter 7 |
| Debtor | 2:19-bk-20450 |

JESSICA L. HALSTEAD,

      *Plaintiff,*

v.                                                      Adversary Proceeding No. _____

WILLIAM MUCKLOW,

      *Defendant/Debtor.*

## VERIFIED COMPLAINT TO DETERMINE DISCHARGABILITY OF DEBT AND RESPONSE TO MOTION TO AVOID JUDICIAL LIEN

COMES NOW Plaintiff, Jessica L. Halstead (hereinafter "Plaintiff"), through her counsel, Griffith Law Center, PLLC, by Travis A. Griffith, and pursuant to 11 U.S.C. §523, and Rule 4007 of the Bankruptcy Rules of Procedure, hereby files her verified Complaint to determine the dischargability of Debt against Debtor William Mucklow. In support of said Complaint, Creditor represents as follows:

### A. Parties

1. At all times pertinent hereto, Plaintiff was a resident of Dunbar, Kanawha County, West Virginia;

1

2. At all times pertinent hereto, Defendant William Mucklow (hereinafter "Defendant Mucklow") was a *bona fide* resident of South Charleston, Kanawha County, West Virginia;

3. At all times pertinent hereto, Defendant Mucklow was President of Defendant New Beginnings Drug Treatment Center, Inc.;

4. At all times pertinent hereto, Defendant New Beginnings maintained a place of business and did conduct business in South Charleston, Kanawha County, West Virginia;

5. Defendant Mucklow at all times pertinent hereto was and is subject of a judgment rendered by a Court of competent jurisdiction in Kanawha County, West Virginia in the amount of $103,346.24[1].

### B. Jurisdiction and Venue

6. Plaintiff realleges and incorporates by reference as if set forth *verbatim* herein all of the allegations, statements and averments contained within Paragraph 1 through Paragraph 5 hereinabove;

7. Jurisdiction and venue are proper before this Court pursuant to 28 U.S.C. §157(a), (b)(1), (b)(2)(I) (core proceeding) §1334(b), and 11 U.S.C. §523(a)(2), (a)(6), and (c) to make determination whether Debtor is entitled to a discharge of certain items. Venue is additionally proper in this Court pursuant to 28 U.S.C. §1409.

### C. Facts

8. Plaintiff realleges and incorporates by reference as if set forth *verbatim* herein all of the allegations, statements and averments contained within Paragraph 1 through Paragraph 79 hereinabove;

---

[1] Said judgment was for, amongst other things, wages due under the West Virginia Wage Payment and Collection Act, a fee shifting statute. As such, any efforts to pursue the judgment and collect the fees are also awardable against this debtor.

9. Defendant New Beginnings is a West Virginia corporation engaged in the business of providing treatment for opiate addiction, primarily through the drug known as "buprenorphine;"

10. In or around February, 2017, Plaintiff began her employment as a part time employee at Defendant New Beginnings in the role as Director;

11. Plaintiff continued her employment with Defendant on a part time basis from February, 2017 through April, 2017;

12. Plaintiff was hired as a salaried employee with her promised salary to be $90,000.00 per year when Plaintiff became a full-time employee in April, 2017;

13. In April, 2017, Plaintiff was paid based upon a salary of $45,000.00 per year rather than the agreed-upon amount of $90,000.00 per year. In April, 2017, Plaintiff was paid the gross sum of $3,461.54 rather than the gross sum of $6,923.08, resulting in a payment deficit of $3,461.54;

14. Plaintiff only received one payment in May, 2017 in the gross sum of $1,730.77, resulting in a payment deficit of $5,192.32 for May, 2017;

15. Plaintiff received no pay whatsoever for the months of June, 2017 and July, 2017, resulting in a payment deficit of $13,746.16;

16. In August, 2017, Plaintiff was paid the gross sum of $3,461.54 rather than the gross sum of $6,923.08, resulting in a payment deficit of $3,461.54;

17. In September, 2017, Plaintiff was paid the gross sum of $1,730.77, resulting in a payment deficit of $5,192.32 for September, 2017;

18. Plaintiff received no pay at all in October, 2017, November, 2017 and December, 2017, resulting in a payment deficit of $20,769.24;

19. Plaintiff ceased her employment with Defendant on or about December 31, 2017;

20. In total, based upon her promised salary of $90,000.00 per year, Defendant's actual payments to Plaintiff resulted in a total deficiency of $51,823.12;

21. During the pendency of her employment with Defendant New Beginnings, Plaintiff performed all of her duties pursuant to her employment in a reasonable and satisfactory manner;

22. On February 8, 2019, Plaintiff filed her Complaint in the Circuit Court of Kanawha County, West Virginia for violations of the West Virginia Wage Payment and Collection Act, *Quantum Meruit*, Breach of Contract, Promissory Estoppel and Unjust Enrichment, Piercing the Corporate Veil, and Fraud in the Inducement.

23. On April 16, 2019, Judgment was Entered against Debtor and in favor of the Creditor in the amount of $103,346.24, together with pre-judgment and post-judgment interest at the rate prescribed by law.

24. Plaintiff was engaged in collection of the Judgment when Debtor filed for Chapter 7 Bankruptcy.

25. Said Judgment is subject to the statutory interest rate set by the West Virginia Supreme Court of Appeals of Five Point Fie Percent (5.5%) per annum.

26. Creditor objects to her judgment being discharged.

## Count I

**28 U.S.C. §523 Prohibits Discharge Relating to Debts Incurred for Willful and Malicious Injury by Debtor to Another**

27. Plaintiff realleges and incorporates by reference as if set forth *verbatim* herein all of the allegations, statements and averments contained within Paragraph 1 through Paragraph 26 hereinabove;

28. 11 U.S.C. §523(a)(6) provides that a debtor is not entitled to a discharge of any claim relating to "willful and malicious injury by the debtor to another entity or to the property of another entity";

29. Because of Debtor's illegal, willful, and malicious conduct injuring Creditor herein, Debtor is subject to a judgment and lien for a judgment rendered by a court of competent jurisdiction;

30. Said Debtor was found in the judgment to be personally liable for the amounts of money awarded Creditor by the Circuit Court of Kanawha County, West Virginia;

31. As a result of Debtor's intentional, willful, and malicious acts described above, and pursuant to 28 U.S.C. §523(a)(6), Debtor's financial obligations of Creditor should be adjudged excepted from discharge order under 11 U.S.C. §727 or any other provision of the applicable law;

## Count II

### 28 U.S.C. §523 Prohibits Discharge Relating to Debts Incurred by False Pretenses, False Representation, or Actual Fraud

32. Plaintiff realleges and incorporates by reference as if set forth *verbatim* herein all of the allegations, statements and averments contained within Paragraph 1 through Paragraph 31 hereinabove;

33. 11 U.S.C. §523(a)(2) provides that a Debtor is not entitled to discharge of any claim relating to debts incurred through false pretenses, false representations, or actual fraud;

5

34. As a result of Debtor's false pretenses, false representations, and actual fraud injuring Creditor, Debtor is subject to a judgment and lien for a judgment rendered by a court of competent jurisdiction;

35. Said Debtor was found in the judgment to be personally liable for the amounts of money awarded Creditor by the Circuit Court of Kanawha County, West Virginia;

36. As a result of Debtor's false pretenses, false representations, and actual fraud, and pursuant to 28 U.S.C. §523(a)(2), Debtor's financial obligations of Creditor should be adjudged excepted from discharge order under 11 U.S.C. §727 or any other provision of the applicable law;

**WHEREFORE,** the Plaintiff/Creditor requests judgment pursuant to 11 U.S.C. §523 that Debtor's judgment owed to Creditor is excepted from discharge under 11 U.S.C. §727 or any other provision of applicable law; and, any additional relief the Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

JESSICA HALSTEAD,

*Plaintiff,*

*By Counsel,*

/S/ Travis A. Griffith
Travis A. Griffith, Esq.
WV State Bar No. 9343
**GRIFFITH LAW CENTER, PLLC**
One Bridge Place, 10 Hale Street
Suite 203
Charleston, WV   25301
Telephone: (304)345-8999