

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

Dated: August 29th, 2023

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| IN RE: | CASE NO. 2:19-bk-20450 |
|---|---|
| WILLIAM WARREN MUCKLOW, | CHAPTER 7 |
| Debtor. | JUDGE B. MCKAY MIGNAULT |
| JESSICA L. HALSTEAD, GENA L. ELLIOT, and TABITHA N. ADKINS, Plaintiffs, v. WILLIAM WARREN MUCKLOW, Defendant | ADVERSARY PROCEEDING NO. 2:20-ap-02000 (Lead) 2:20-ap-02001 2:20-ap-02002 |

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Tabitha N. Adkins' *Motion for Attorney Fees and Costs* [dkt. 73] (the "Motion") and *Memorandum in Support* thereof [dkt. 74]. Ms. Adkins seeks entry of an order awarding her all attorney fees and costs incurred on her behalf to litigate this Adversary Proceeding. Defendant Mucklow failed to respond to the Motion.

As this request for attorney fees relates to this Court's prior *Memorandum Opinion and Order* [dkt. 71], this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

I.

William Warren Mucklow filed his Chapter 7 bankruptcy case on October 10, 2019 (the "Petition Date").

Plaintiff Adkins commenced Adversary Proceeding No. 2:20-ap-02002 on January 10, 2002 (the "Adkins AP"). The Adkins AP was consolidated with the related adversary proceedings brought by Plaintiff Jessica Halstead and Plaintiff Gena L. Elliot by Order dated July 9, 2021, with the *Halstead* adversary proceeding, No. 2:20-ap-02000, designated as the lead case (collectively, the "Consolidated Proceedings").

Each of the Plaintiffs were employees of Mr. Mucklow's business, New Beginnings Drug Treatment Center, Inc., and sought a judgment that their unpaid wages were nondischargeable by Mr. Mucklow in his bankruptcy case. All three Plaintiffs had sued Mr. Mucklow in Kanawha County Circuit Court prior to the Petition Date. However, Plaintiffs were dissimilarly postured in that, on the Petition Date, Ms. Halstead and Ms. Elliot had received default judgments against Mr. Mucklow, but Ms. Adkins' motion for default judgment remained pending.

A trial was held in the Consolidated Proceedings on November 1, 2022 (the "Trial"). Post-trial briefing was completed January 17, 2023.

On April 4, 2023, the Court entered a *Memorandum Opinion and Order* [dkt. 71] (the "4/7/2023 Order") adjudicating the Consolidated Proceedings. With respect to Plaintiff Adkins, the 4/7/2023 Order found that Ms. Adkins holds a claim against Mr. Mucklow, individually, pursuant to the West Virginia Wage Payment and Collection Act ("WVWPCA") for

$24,963.50.[1] The 4/7/2023 Order further declared that Ms. Adkins' claim against Mr. Mucklow is not dischargeable in his bankruptcy case pursuant to 11 U.S.C. § 523(a)(2)(A).

On April 17, 2023, Ms. Adkins filed a *Motion for Attorney Fees and Costs* seeking "reasonable attorneys' fees, filing fees and reasonable costs of the action" pursuant to the WVWCPA, W. Va. Code § 21-5-5d(c). Specifically, she seeks $39,960.00 in attorney fees (for 88.8 hours of time spent on the matter by her counsel, Mr. Travis Griffith, at a rate of $450 per hour), plus $3,316.74 in expenses litigating the matter through trial. Additionally, Ms. Adkins seeks a contingency enhancement of 2.5 times the fees claimed due to "the nature of the [Defendant]'s actions and the obvious deceptions he attempted to level on this Court…." Adding in the contingency fee enhancement, the Plaintiff seeks $99,900.00 in attorney's fees (88.8 hours x $450/hour x 2.5 = $99,900.00).

## II.

A.  **Attorneys Fees and Costs**

Plaintiff cites to West Virginia Code § 21-5-5d(c) in support of her request for attorney fees in this case. That section provides that an employee may sue for violations of subsection 5(b) and, if they prevail, recover reasonable attorneys' fees, filing fees, and costs of the action. However, subsection 5b prohibits employers from requiring an employee to submit to a lie detector examination or similar "examination utilizing mechanical or electronic measures of physiological reactions to evaluate truthfulness…." W. Va. Code § 21-5-5b (entitled "Employer limitations on use of detection of deception devises or instruments; exceptions."). As the Plaintiffs

---

[1] Ms. Adkins' unpaid wages totaled $12,481.75. To this amount, the Court applied the two-times liquidated damages multiplier required by W. Va. Code § 21-5-4(e).

did not sue Mr. Mucklow for a violation of West Virginia Code § 21-5-5b, the Court does not believe that Section 21-5-5d(c) can serve as a basis for granting an award of attorney's fees.

Plaintiff Adkins sued Mr. Mucklow for failing to pay wages in violation of West Virginia Code § 21-5-4(e), which provides:

> If a person, firm, or corporation fails to pay an employee wages as required under this section, the person, firm, or corporation, in addition to the amount which was unpaid when due, is liable to the employee for two times that unpaid amount as liquidated damages….

Accordingly, the Court may award reasonable attorney fees and costs to Ms. Adkins pursuant to West Virginia Code § 21-5-12. That section provides:

> (a) Any person whose wages have not been paid in accord with this article, or the commissioner or his designated representative, upon the request of such person, may bring any legal action necessary to collect a claim under this article. With the consent of the employee, the commissioner shall have the power to settle and adjust any claim to the same extent as might the employee.
> (b) <u>The court in any action brought under this article may, in the event that any judgment is awarded to the plaintiff or plaintiffs, assess costs of the action, including reasonable attorney fees against the defendant</u>. . . .

W. Va. Code § 21-5-12 (emphasis added). Moreover, longstanding precedent of the West Virginia Supreme Court of Appeals recognizes that "[a]n employee who succeeds in enforcing a claim under W. Va. Code Chapter 21, article 5 should ordinarily recover costs, including reasonable attorney fees unless special circumstances render such an award unjust." Syl. pt. 6, *Fairmont Tool, Inc. v. Davis*, 246 W. Va. 258, 261, 868 S.E.2d 737, 740 (2021) (citing syl. pt. 3, *Farley v. Zapata Coal Corp.*, 167 W. Va. 630, 631, 281 S.E.2d 238, 239 (1981)); *Amick v. C&T Dev. Co., Inc.*, 187 W. Va. 115, 118, 416 S.E.2d 73, 76 (1992) (same).

In the present case, this Court is unaware of any special circumstances that would render awarding reasonable attorney fees unjust. To the contrary, the Court's 4/4/2023 Order recognized that Mr. Mucklow's actions were particularly egregious in this case:

> It is clear that Mr. Mucklow intended to deceive the Plaintiffs. He brought them into his office and showed them documents to convince the Plaintiffs that he had adequate investor funding and grant funding to pay wages. He convinced some of the Plaintiffs to leave good paying, fulltime employment to work for him. He promised them repeatedly that they would be paid, and he knew that they were ethically compelled to continue working for New Beginnings and treating patients regardless of whether they were actually paid. He kept the Plaintiffs between the proverbial rock and a hard place. When Plaintiffs began to see through those false representations, he threatened them by announcing that he would file for bankruptcy protection and would discharge any monies he owed to them if they quit working for New Beginnings. Furthermore, by examining his background, Mr. Mucklow can be described as nothing short of duplicitous. The Court need not rehash the specifics of his various deceptions; it is enough that he had to spend the majority of his testimony trying to explain away his dishonest dealings. Even his own attorney had to clarify misstatements Mr. Mucklow made on the witness stand as being false.

4/4/2023 Order at 35.

To assess the reasonableness of an attorney's fee award, the Court must consider twelve factors (the "*Pitrolo* Factors"):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Syl. pt. 7, *Fairmont Tool*, 246 W. Va. at 274, 868 S.E.2d at 753 (citing syl. pt. 4, *Aetna Cas. & Sur. Co. v. Pitrolo*, 176 W. Va. 190, 196, 342 S.E.2d 156, 162 (1986)).

**(1) Time and labor expended.**

The Court has reviewed Mr. Griffith's itemization of time expended to represent Ms. Adkins in this matter, which was attached to the Motion as *Exhibit B*. As explained in his affidavit [dkt. 76], this itemization excludes staff time, although staff was asked to work weekends on a few occasions. The itemization details 88.8 hours or legal work performed over nearly a five-

year period, which must be a very modest accounting of the work performed on this case, including a full-day Trial and post-trial briefing. Mr. Griffith's affidavit explains that the time itemization does not include all meetings and telephone calls with his clients. The itemization also excludes administrative time. The efforts detailed in *Exhibit B* appear to be reasonable both in terms of the efforts undertaken and the time expended. The Court is satisfied that this *Pitrolo* factor is fulfilled.

### (2) Novelty and difficulty of the questions.

The *Memorandum* [dkt. 74] filed in support of the Motion details the various difficulties Mr. Griffith encountered in this case due to Defendant's refusal to cooperate in the Circuit Court and efforts to frustrate Plaintiff's ability to recover her wages. When Mr. Mucklow sought bankruptcy protection, Plaintiff was required to file an adversary proceeding to assert a nondischargeability claim in addition to the claims she had brought in Circuit Court. Thus, Ms. Adkins had to prove not only that Mr. Mucklow failed to pay wages, but that in doing so, he (1) made a false representation; (2) knew that the representation was false; (3) intended to deceive; (4) produced the victims' justifiable reliance on the representation; and (5) proximately caused damage. Questions of fraudulent intent are always complex and difficult to prove. The Court agrees that Mr. Mucklow's attempts to frustrate Ms. Adkins' efforts to collect her wages and the overlay of bankruptcy law enhanced the difficulty of the questions presented. The Court is satisfied that this *Pitrolo* factor is fulfilled.

### (3) Skills needed to perform the legal services properly; Experience, reputation and ability of counsel.

The Court has reviewed the Affidavit of Mr. Griffith [dkt. 76], which shows that he has approximately twenty (20) years of relevant experience in West Virginia and Kentucky. The Court has observed Mr. Griffith's performance at Trial, has reviewed his written advocacy in

6

briefing submitted to the Court, and has reviewed the Affidavits of other attorneys in support of Mr. Griffith's skills and qualifications submitted as *Exhibit B* to the Motion. In view of these, as well as the successful result Mr. Griffith obtained in this action, the Court is satisfied that these *Pitrolo* factors are fulfilled.

### (4) Preclusion of other employment by the attorneys due to the acceptance of the case.

Except for the period leading to the Trial and post-trial briefing, this factor is likely not relevant. However, generally speaking, the work performed on one case means loss of gainful employment on another.

### (5) Customary fee and whether fixed or contingent.

The Motion asserts that while this type of litigation is generally accepted on a contingency fee basis, this is a fee-shifting case and, having been deemed non-dischargeable in bankruptcy, the Plaintiff should enjoy the full benefits of the WVWPCA. Mr. Griffith also provided affidavits from counsel employed at other law firms familiar with this area of law and Mr. Griffith's skill and expertise, attesting that Mr. Griffith's experience supports an hourly rate value of $425 to $500. *See* Motion, Exh. C. The Court is satisfied that this *Pitrolo* factor is fulfilled.

### (6) Time limitations imposed by client or the circumstances.

The Court isn't aware of specific time limitations. This factor doesn't appear to be relevant to the case.

### (7) Amount involved and results obtained.

The 4/4/2023 Order awarded Plaintiff Adkins a judgment of $24,963.50 for unpaid wages and liquidated damages, and determined that this judgment against Defendant is not

dischargeable in bankruptcy. Thus, Mr. Griffith's efforts obtained a successful outcome for Ms. Adkins. The Court is satisfied that this *Pitrolo* factor is fulfilled.

**(8) Undesirability of the case.**

The Court has no doubt that this case against Mr. Mucklow, with his difficult collection history and the overlay of complicated bankruptcy law, may be viewed as undesirable and that many lawyers may decline to undertake this sort of representation. The Court is satisfied that this *Pitrolo* factor is fulfilled.

**(9) Nature and length of the professional relationship with the client.**

Mr. Griffith has represented Plaintiff Adkins throughout the nearly five-year history of her Circuit Court case and then Adversary Case against Mr. Mucklow. However, the relationship is not likely to continue beyond the instant case. Accordingly, the Court concludes that this *Pitrolo* factor supports a compensatory fee award.

**(10)   Awards in similar cases.**

The hourly rate sought by Plaintiff Adkins is not inconsistent with reasonable rates found in other cases. The Motion attaches examples of recent court orders approving reasonable hourly rates of up to $450 per hour for senior attorneys. *See* Motion, Exh. D. While an hourly rate of $450 per hour is on the higher end of the local rate that this Court generally sees, the Court is willing to accept that rate in this case in view of Mr. Griffith's skill and experience, as well as the modest amount of time for which he seeks to be compensated in view of the intensive nature of this matter, including a full day of trial and fact-intensive post-trial briefing. While not shown as a discounted line item on an invoice, it is obvious that Mr. Griffith has provided hours of value to Ms. Adkins that are not shown on Exhibit B. The Court is satisfied that this *Pitrolo* factor is fulfilled.

Therefore, the Court finds, given the consideration of the *Pitrolo* factors, that the $450.00 per hour requested for Mr. Griffith's time in this matter is proper, particularly considering the economic expenditure of time billed on this matter and the results obtained for his client. The Motion's request for reimbursement of $3,316.74 for expenses incurred in this matter (which does not include expenses for copies and mailings) also appears to be reasonable.

Accordingly, the Plaintiff should be awarded $39,960.00 (88.8 hours at $450 per hour) for her legal fees and $3,316.74 in costs, as contemplated by West Virginia Code § 5-11-13(c). Because these attorney fees ancillary to the nondischargeable judgment previously awarded against the Defendant, this fee award is likewise nondischargeable. *See, e.g.*, *In re Eisenberg*, 189 B.R. 725 (Bankr. E.D. Wis. 1995) (holding that attorney fees are a nondischargeable debt where they arise out of and are ancillary to a nondischargeable debt); *In re Reimer*, 182 B.R. 816 (Bankr. E.D. Mo. 1995) ("Attorney fees are routinely included in the nondischargeable debt… when they are… ancillary to the [nondischargeable] judgment." (citation omitted)); *In re Mayer*, 173 B.R. 373 (N.D. Ill. 1994) (holding that attorney fees awarded in conjunction with a nondischargeable judgment pursuant to Section 523(a)(2)(A) are also nondischargeable), *aff'd sub nom. Mayer v. Spanel Int'l Ltd.*, 51 F.3d 670 (7th Cir. 1995).

### B.     Contingency Fee Enhancement

Plaintiff Adkins also requests that a contingency fee enhancement of two-and-a-half times her attorney fees be added in this case because

> Defendant went out of his way to avoid the Court system, ignore the Rules of Civil Procedure, and completely disregard the lawful orders of the underlying Circuit Court. Instead of paying what was lawfully owed, the Defendant seemed more interested in declaring bankruptcy to avoid the debt. This is not an appropriate use of this

> Court or the bankruptcy system. Consequently, the undersigned request a two and one-half (2 & ½) times contingency fee enhancement multiplier for the time expended on this case to discourage such conduct in the future.

Mem. in Supp. at 9.

In support of her request, Plaintiff cites the Supreme Court of Appeals of West Virginia's opinion in *Bishop Coal Company v. Salyers*, in which the Court held that contingency enhancements are appropriate when "a plaintiff is litigating a case involving a significant issue of general application, where the likelihood of success is small and the economic value in terms either of money or of injunctive relief to the prevailing plaintiff is small[.]" *Bishop Coal Co. v. Salyers*, 181 W. Va. 71, 82, 380 S.E.2d 238, 249 (1989).

In the Court's view, the case at hand did not present a significant issue of general application, did not involve a small likelihood of success, and did not involve a small economic value. Therefore, it does not qualify for a contingency enhancement.

### III.

**WHEREFORE**, for the above-stated reasons, the Court hereby **ORDERS** that:

1. The Motion is **GRANTED** with respect to the Plaintiff Adkins' request for reasonable attorney fees and costs;

2. Plaintiff Adkins is **AWARDED** $39,960.00 (88.8 hours at $450 per hour) for her legal fees and $3,316.74 in costs;

3. The $43,276.74 awarded herein is hereby declared **NONDISCHARGEABLE**; and

4. The Motion is **DENIED** with respect to Plaintiff Adkins' request for a contingency enhancement.

The Clerk's Office shall serve a copy of this written opinion and order on Plaintiff Adkins, Plaintiff Adkins' Counsel, Defendant, Defendant's Counsel, the United States Trustee, and the Chapter 7 Trustee.

**It is so ORDERED.**